UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20158-BLOOM/Louis

LINDA ROMANOWIZ,

Plaintiff,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Linda Romanowiz's ("Plaintiff")

Motion of Explanation of Original Appeal and Request for Reimbursement, ECF No. [14]

("Motion"), which the Court construes as a motion for reconsideration of the Court's denial of

Plaintiff's Motion for Reimbursement, *see* ECF No. [13] ("Order"); ECF No. [12]. The Motion

seeks "reconsideration of reimbursement of the $400.00 [filing fee] paid until [her] case is opened

and a volunteer attorney has been granted." ECF No. [14] at 2. The Court has carefully reviewed

the Motion, the record in this case, and the applicable law, and is otherwise fully advised. For the

reasons set forth below, the Motion is denied.

As an initial matter, "[*p*]*ro se* [filings] are held to a less stringent standard than [filings]

drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148

F.3d 1262, 1263 (11th Cir. 1998). This leniency, however, does not confer on *pro se* litigants "a

right to receive special advantages not bestowed on other litigants. [The *pro se* litigant] must, for

example, abide by local rules governing the proper form of pleadings." *Procup v. Strickland*, 760

F.2d 1107, 1115 (11th Cir. 1985). "Indeed, while *pro se* [filings] must be liberally construed, [they]

still must comply with the procedural rules governing the proper form of pleadings." *Meduty v.*

*Ga. Dep't of Admin. Servs.*, 614 F. App'x 401, 402-03 (11th Cir. 2015) (citing *Tannenbaum*, 148 F.3d at 1263; *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *see also Bivens v. Roberts*, No. 208CV026, 2009 WL 411527, at *3 (S.D. Ga. Feb. 18, 2009) ("[J]udges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ." (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008))). Further, courts cannot serve as *de facto* counsel for a party and cannot rewrite a deficient pleading for the sake of sustaining an action, *Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004), nor may courts simply "fill in the blanks" to infer a claim, *Brinson v. Colon*, No. CV411-254, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012).

Turning to the question of whether reconsideration is appropriate, "courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); *see also Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996); *see also Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012). "[T]he movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived." *Compania de Elaborados de Cafe v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003). Simply put, a party "cannot use

a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005). "A motion for relief under Rule 59(e) is a matter committed to the discretion of the district court." *Bland v. Alabama*, No. 2:15-cv-0029-MHH-JEO, 2016 WL 10930989, at \*1 (N.D. Ala. Oct. 6, 2016) (citing *Stansell v. Revolutionary Armed Forces of Columbia*, 771 F.3d 713, 746 (11th Cir. 2014)).

Upon review, the Court concludes that denial is warranted. Even under the most expansive reading of Plaintiff's Motion, the Motion fails to address any of the three potential grounds justifying reconsideration under Rule 59(e) and it fails to set forth any basis for why reconsideration is warranted. Rather, the Motion attempts to further explain the course of the proceedings in this case, and the reason for Plaintiff's previous failure to comply with court orders which resulted in dismissal of this action, to support her renewed request for reimbursement of the filing fee. Critically, however, all of these arguments could have been raised prior to the issuance of the Court's Order and thus are inappropriately presented on reconsideration. *See Michael Linet, Inc.*, 408 F.3d at 763. The Motion similarly invokes no legal basis to justify the relief requested and, as the Court noted in its Order, "there is no rule or mechanism pursuant to which the Court may reimburse Plaintiff's filing fee simply because she was unsuccessful in prosecuting her claims and needs legal representation." ECF No. [13] at 2. Although the Court is sympathetic to Plaintiff's financial situation and her desire to retain an attorney to represent her in litigating her claims, it is also powerless to grant Plaintiff's request absent a legal basis for doing so. The Court therefore concludes that Plaintiff has failed to establish the need for reconsideration or modification of the Court's Order. As such, the Motion is denied.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [14]**, is

**DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 22, 2020.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Linda Romanowiz
1782 Mathis Road
Clinton, NC 28328